IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-00115-CNS-MEH

MARIA ROMANO,

    Plaintiff,

v.

WAL-MART, INC., and
WAL-MART STORES, INC.,

    Defendants.

___

**ORDER ON DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S UNTIMELY EXPERT DISCLOSURES, AND PLAINTIFF'S MOTION FOR LEAVE TO FILE LATE DESIGNATION OF EXPERTS**
___

    Defendants have filed a Motion to Strike Plaintiff's Untimely Expert Disclosures. ECF 29. Instead of responding to this motion, Plaintiff has filed a Motion for Leave to File Late Designation of Experts. ECF 31. For the reasons stated below, the Court denies Defendants' Motion and grants Plaintiff's Motion.

    Plaintiff's Complaint alleges a trip and fall in a Walmart parking lot. Compl. at ¶ 5. On April 7, 2022, the Court entered a Scheduling Order, which set Plaintiff's expert witness disclosure deadline by September 15, 2022, Defendant's expert disclosures by October 15, 2022, and Plaintiff's rebuttal expert disclosures by November 1, 2022. ECF 18 at 6. The Court has not extended these deadlines.

    Plaintiff did not disclose any experts by her deadline. Defendants did disclose experts by their deadline, on October 15, 2022. On October 21, 2022, six days after Defendants' disclosures, Plaintiff filed a Motion for Leave to File Late Designation of Experts. ECF 25. On

October 25, 2022 the Court denied Plaintiff's motion for failure to confer. After that, Plaintiff never filed a properly conferred motion. In Plaintiff's current Motion, which is now before the Court and was docketed on November 4, 2022 (even after Plaintiff's rebuttal disclosure deadline), Plaintiff gave two reasons for her request: First, "Plaintiff" has not been prejudiced by any delay, and second, the missed deadline was due to "an office mix-up." ECF 31 at 1.

Federal Rule of Civil Procedure 26(a)(2) requires parties to disclose the identity of any witness the party intends to use at trial. If the "witness is one retained or specially employed to provide expert testimony in the case," Rule 26(a)(2)(B) requires that the disclose be accompanied by a written report containing:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B).

"A party must make these disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). If a party fails to timely make expert disclosures, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) (quoting *Mid-Am. Tablewares, Inc. v. Mogi Trading Co.*, 100 F.3d 1353, 1363 (7th Cir. 1996)).

Plaintiff's disclosures were untimely. In her Motion, Plaintiff states that the disclosures have been served, but Plaintiff did not attach evidence to support her claim. It was Defendants who attached Plaintiff's belated disclosures to their opposition to the Motion for Leave to File Late Designation of Experts. ECF 33-3. Defendants' attachments show that Plaintiff's disclosures were signed on October 14, 2022 but served on October 17, 2022. *Id.*

An untimely expert report may be used at trial only if the party can show that the failure to meet the deadline was substantially justified or harmless. Fed. R. Civ. P. 37(c). In considering whether an untimely disclosure is harmless, the Court analyzes the following factors: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness. *Woodworker's Supply, Inc.*, 170 F.3d at 993. Here, the Court finds that Plaintiff's late disclosure was not substantially justified, but that Plaintiff's conduct can be made harmless by extending the expert and discovery deadlines in this case and by awarding Defendants fees for their Motion and response to Plaintiff's Motion.

Regarding the first two factors, Defendants would be prejudiced by the untimely disclosure absent an extension of the deadlines in this case. By the time Plaintiff provided her expert disclosure, Defendants had already endorsed and provided their experts. Moreover, because Plaintiff disclosed the reports after the discovery deadline, Defendants would have been unable to depose Plaintiff's experts. However, this prejudice can be cured through a brief extension of the deadlines. This will give Defendants the opportunity to depose Plaintiff's experts and endorse any rebuttal experts. Because Plaintiff has not sought previous extensions,

the Court does not find that a brief extension will significantly impair Defendants' ability to expeditiously resolve this case. This case is only ten months old.

As for the third factor, the Court sees an extension in this case as having little impact on the trial. Had Plaintiff waited to provide the reports on the eve of trial, the third factor would certainly weigh in favor of striking the experts. However, a trial is not yet set in this case, the Final Pretrial Conference is not until June 30, 2023, and engaging in expert discovery now will not delay the case even a day. Finally, there is no indication that Plaintiff acted in bad faith, even if she acted negligently. Therefore, the Court holds that Plaintiff's untimely disclosure of expert testimony can be made harmless through the extension of deadlines in this case.

However, the Court finds that sanctions are appropriate under Rule 16(f). *See Mulvaney v. Rivair Flying Serv., Inc.*, 744 F.2d 1438, 1440–42 (10th Cir. 1984); *EEOC v. Original Honeybaked Ham Co. of Ga., Inc.*, No. 11-cv-02560-MSK-MEH, 2013 WL 752912, at *3–4 (D. Colo. Feb. 27, 2013) (finding that sanctions were appropriate, because the plaintiff's "actions have negatively affected the Court's management of its docket and have caused unnecessary burdens on the opposing party and delays in my preparing this case" for trial). Rule 16(f) permits sanctions on a party who "fails to obey a scheduling order or other pretrial order." Here, by submitting her expert reports after the deadline and after Defendants' reports, Plaintiff did not comply with the Scheduling Order. Because Plaintiff's untimely disclosure forced Defendant to incur the costs of briefing the present Motions, Plaintiff's conduct has "negatively affected the Court's management of its docket and ha[s] caused unnecessary burdens on the opposing party . . . ." *Original Honeybaked Ham Co. of Ga., Inc.*, 2013 WL 752912, at *4. Moreover, as noted above, Plaintiff provides no compelling justification for the untimely disclosure.

The Tenth Circuit has instructed that district courts should impose only so much of a sanction as is necessary to ensure that the offending conduct stop. *Mulvaney, Inc.*, 744 F.2d at 1440. Because Plaintiff's actions caused Defendants to incur the costs of briefing the present Motions, the Court finds that awarding Defendants their reasonable fees arising from this briefing is necessary.

## CONCLUSION

The Court finds that any prejudice due to Plaintiff's untimely expert disclosures can be cured through a brief extension of the rebuttal expert and discovery deadlines in this case. The Court will extend the discovery deadline to **February 15, 2023** for the purpose of taking expert depositions. Additionally, the Court will extend the rebuttal expert disclosure deadline (for Defendants only, as Plaintiff has not requested rebuttal experts) to **January 3, 2023**.

Accordingly, Defendant's Motion to Strike Plaintiff's Untimely Expert Disclosures [filed November 2, 2022; ECF 29] is **denied**. Plaintiff's Motion for Leave to File Late Designation of Experts [filed November 4, 2022; ECF 31] is **granted** as stated herein.

Dated at Denver, Colorado, this 6th day of December, 2022.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge